IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.                                                              Case No. 1:18-cr-00318

Leena F. Awad (1),                                  Michael L. Brown
                                                                United States District Judge
                     Defendant.
_____/

## ORDER

Before the Court is the Government's Motion for Revocation of Release Order. (Dkt. 18). On August 28, 2018, the Court conducted a *de novo* detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), and found that no condition or combination of conditions will reasonably assure the appearance of Defendant Awad at trial. The Court ordered Defendant Awad detained. This order memorializes the Court's ruling. *See* Dkt. 28.

### I.  Procedural History

On August 16, 2018, a federal grand jury in the Northern District of Georgia indicted Leena F. Awad and her husband, Fernando Crawford, with one count of conspiracy to commit wire fraud, in violation of 18

U.S.C. § 1349, and nine counts of wire fraud, in violation of 18 U.S.C. § 3143. (Dkt. 1). Specifically, the government alleges that, between 2012 and 2015, Defendant Awad worked in the human resources of a local company known as Flood Brothers. According to the government, Defendant Awad falsified records making it appear that her husband worked at Flood Brothers when he did not and causing the company to pay him more than $1.1 million in gross pay.

The government has also charged Defendant Awad and her husband with false swearing in an immigration matter in violation of 18 U.S.C. § 1546(a). The government claims that she made false statements in a 2014 Form I-485 that she submitted to the Department of Homeland Security to become a lawful permanent resident. Specifically, the government claims that Defendant Awad swore she had committed no crime of moral turpitude when, in fact, she was defrauding Flood Brothers at the time. The government correctly notes that – if convicted

of making this false statement – Defendant Awad will lose her status as a lawful permanent resident and face deportation.[1]

On August 22, 2018, Magistrate Judge John K. Larkins, III held a detention hearing and ordered Defendant Awad released on a $25,000 unsecured bond. *See* Dkts. 19, 21.[2] The Government immediately filed its Motion for Revocation of Release Order.

## II.   Legal Standard

The Bail Reform Act, 18 U.S.C. § 3141-3150, governs the release and detention of defendants awaiting trial. It provides for the pretrial detention of a defendant if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the defendant's appearance at trial, a court must consider: (1) the nature and

---

[1] The false swearing charge against Defendant Crawford arises from an affidavit he filed in support of Defendant Awad's Form I-485 and in which he alleged that he worked at Flood Brothers. The Indictment claims this was a lie.

[2] On the government's motion, the Court stayed imposition of the Magistrate Judge's release order. *See* Dkt. 22.

3

circumstances of the offenses charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).[3]  When the government seeks pretrial detention because a defendant poses a serious risk of flight, the government's burden of proof is by a preponderance of the evidence. *United States v. King,* 849 F.2d 485, 489 (11th Cir. 1988).

The Bail Reform Act allows the United States to seek prompt review of a magistrate judge's order denying detention and allowing pretrial release. 18 U.S.C. § 1345(b). The district court then reviews the magistrate judge's decision *de novo*. *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985); *United States v. Gavaria*, 828 F.2d 667, 670 (11th Cir. 1987).  The district court may rely entirely on the pleadings and the evidence developed before the magistrate judge or it may conduct its own evidentiary hearing. *United States v. King*, 849 F.2d at 490.

---

[3] The parties agree that Defendant is not a danger to the community. The Court considers only the 18 U.S.C. § 3142(g) factors as they relate to risk of flight.

### III. Analysis

This Court held an evidentiary hearing to assess the factors relevant under 18 U.S.C. § 3142(g) and to determine whether there are conditions of release that will reasonably assure Defendant Awad's presence at trial. The government introduced evidence about the charges against Defendant Awad, the evidence supporting those charges, her connections to the district and the United States, her connections to the country of Jordan, and her immigration status. Counsel for Defendant Awad also presented evidence about her ties to the district. The Court sought additional information from the defendant about whether she had relatives or friends who might provide sureties for her presence at trial, but the defendant could provide no such information.

#### A.   **Nature and Circumstances of the Offenses Charged**

Defendant Awad is charged with eleven felony counts. If convicted, she faces up to 20 years in prison. A preliminary analysis also suggests that the Sentencing Guidelines would recommend she be sentenced to imprisonment for at least five years. If convicted on the false swearing charge, Defendant Awad will lose her status as a lawful permanent resident in the United States and will be deported upon completion of her

sentence. The severity of the potential sentence when coupled with the resulting deportation weighs heavily in favor of detention.

### B.     Weight of the Evidence

The Court acknowledges that the weight of the evidence is the least important factor in a detention analysis. *See United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). Even so, having reviewed the evidence presented by the government during the detention hearing, this Court finds that the evidence against Defendant Awad is significant. The government introduced documents that Defendant Awad falsified to make the payroll processing company pay her husband gross pay of more than $1.1 million. The evidence included a Form I-9 Employment Eligibility Verification document in which Defendant Awad falsely claimed that Flood Brothers had hired her husband, other false application and hiring documents that she processed for her husband, and weekly payroll records that she created to claim falsely that her husband had worked many hours at Flood Brothers. (Gov't Exs. 1, 2). The government also explained how she used her position of trust at Flood Brothers to deceive the company and prevent them from detecting her fraudulent scheme for more than four years.

For the false swearing charges, the government introduced the Form I-985 that Defendant Awad filed to become a lawful permanent resident. The government pointed to the provision in which she swore that she had committed no crime of moral turpitude – a document she executed in the midst of her underlying scheme to defraud Flood Brothers. (Gov't Ex. 5).

At the hearing, Defendant Awad did not seriously challenge the strength of the evidence against her, other than to hypothesize without support that maybe Flood Brothers authorized the fraudulent scheme. In total, the evidence proffered by the government is sufficient to weigh in favor of detention.

### C.   History and Characteristics of the defendant

Defendant Awad is a citizen of Jordan. Her parents and five sisters live there. She speaks with them daily. In 2015, she wired more than $40,000.00 to a bank in Jordan. (Gov't Ex. 7). According to the government attorney, Jordan recognizes no extradition treaty with the United States and has not extradited a citizen to the United States since the late 1990s. Defendant Awad's ties overseas and the lack of extradition weigh in favor of detention.

On the other hand, Defendant Awad has been in the United States since 1995. She married her co-defendant, Fernando Crawford, in 2006. He is a United States citizen. In a 2013 bankruptcy proceeding, Defendant Awad claimed that she and her husband were separated. Even so, she insists they are still married and share an apartment. Mr. Crawford has several children. All but one are adults. His youngest child, a seventeen-year old boy, lives with him and Defendant Awad. Defendant Awad has no other children.

In 2014, Defendant Awad became a lawful Permanent Resident. But, again, that status is in jeopardy. Neither Defendant Awad nor her husband own any property in the United States. They rent an apartment. During the hearing, Defendant Awad explained that she has a brother living in Savannah, Georgia. She also has a close friend living in Atlanta. The Court asked whether either of these individuals would post a bond secured by property or some other surety on her behalf. She did not know whether they would.

Defendant Awad has a history of gainful employment, a factor that typically supports pretrial release. But, in this case, Defendant Awad is accused of having used her position of trust with a former employer to

8

steal more than $1.1 million. At the time of her arrest, she held a similar position in the human resources department of a law firm. When the firm learned of these charges, it placed her on leave. Defendant Awad thus does not know if she has a job.

## IV.  Conclusion

Having considered all available information and the factors set forth in Title 18, United States Code, Section 3142(g), this Court concludes that no condition or combination of conditions will reasonably assure the appearance of Defendant Awad at trial. She faces significant charges that could result in significant jail time, and the government presented substantial evidence of her involvement in wire fraud over a four-year period. The evidence presented in support of the false swearing charge is also significant. If convicted of that charge, she will almost certainly be deported at the end of her imprisonment. So, while she has expressed a desire to live in the United States, the reality of her situation may make that impossible – thus providing incentive to flee the United States to avoid imprisonment.

She also has significant ties to Jordan. She is a citizen of that country. Her parents and sisters – with whom she remains close – live

there. This provides ample opportunity and incentive to avoid imprisonment and deportation. She has no property tying her to the United States and could present no family or friends who might be willing to post a surety – thus providing some personal reason not to flee.[4] She has a stepson, but he is nearly an adult. And while she is married to her co-defendant, the possibility of jail time and later deportation provides significant reason to believe she will be separated from him.

After a *de novo* and independent review, the Court **GRANTS** the Government's Motion for Revocation of Release Order (Dkt. 18) and **REVOKES** the Magistrate Judge's Order of Release. (Dkt. 21). It is **ORDERED** that (1) Defendant Awad be committed to the custody of the Attorney General or his authorized representative for detention pending completion of trial, (2) Defendant Awad be confined in a corrections facility separate, to the extent possible, from persons awaiting or serving sentences or being held in custody pending appeal, (3) the Attorney General or his authorized representative shall ensure that Defendant

---

[4] At the end of the detention hearing, the Court invited Defendant Awad to seek reconsideration of this order if her brother or other friends are willing to post bond on her behalf.

Awad is afforded reasonable opportunity for private consultation with her counsel, and (4) on order of a court or a request of an attorney for the government, the person in charge of the corrections facility in which Defendant Awad is confined deliver her to the United States Marshal for the purpose of appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

Dated: August 29, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE