IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEENA F. AWAD | CRIMINAL ACTION FILE NO.<br><br>1:18-CR-318-MLB-JKL-1 |

### **NON-FINAL REPORT AND RECOMMENDATION**

This criminal case is before the Court on Defendant Lena F. Awad's Motion to Dismiss Indictment. [Doc. 79.] For the following reasons, I **RECOMMEND** that the motion be **DENIED**.

### **I.  Background**

The charges in this case out of an alleged scheme whereby Awad and her husband, co-defendant Fernando Crawford, embezzled funds from Ms. Awad's former employer, Flood Brothers, Inc. [*See* Doc. 1 (Indictment).] According to the indictment, Awad formerly worked at Flood Brothers as a payroll and human resources specialist, handling payroll for the company. [*Id.* ¶¶ 2-4.] Allegedly, beginning in January 2012 and continuing through December 2015, each week Awad covertly added Crawford to the company payroll records just before sending the records to Flood Brothers's payroll service vendor for processing, which resulted in Crawford receiving a paycheck, even though he was never employed by

the company. [*Id.* ¶¶ 7-9.] The indictment identifies nine specific dates from March 2014 to December 2015 on which Awad allegedly emailed false payroll information to the payroll vendor and, for each instance, the corresponding gross payment to Crawford. [*Id.* ¶ 12.] The scheme allegedly caused a total loss to Flood Brothers of over a million dollars. [*Id.* ¶¶ 1, 9.]

The indictment further alleges that on or about August 3, 2014, Awad completed an Application to Register Permanent Residence or Adjust Status, Form I-485, and represented, under penalty of perjury, that she had not "committed any crime of moral turpitude . . . for which [she had] not been arrested. [Doc. 1 ¶ 14.] According to the indictment, Awad knew her statement was false, in that she had in fact committed a crime of moral turpitude for which she had not been arrested— *i.e.*, the embezzlement scheme against Flood Brothers. [*Id.*]

On August 16, 2018, Awad was indicted on one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349 (Count 1); nine substantive counts of wire fraud, 18 U.S.C. § 1343 (Counts 2-10); and a single count of false swearing in an immigration matter, 18 U.S.C. § 1546(a) (Count 11).[1] On March 9, 2019, Awad

---

[1] Crawford is also charged in Counts 1 through 10. [Doc. 1 at 1-6.] He is separately charged with allegedly misrepresenting that he was currently employed at Flood Brothers as a Senior Project Manager in an affidavit supporting Awad's

moved to dismiss the indictment on the grounds that it fails to charge an offense against the United States. [Doc. 79.] With respect to Count 11, Awad argues that the indictment fails to state an offense because wire fraud is not a crime of moral turpitude. [*Id.* at 1-4.[2]] As to the conspiracy and substantive wire fraud counts, she argues that they should all be dismissed as "multiplicitous." [Doc. 79 at 4-5.] The government has filed a response. [Doc. 81.] Awad did not file a reply as directed by the Court, [*see* Doc. 80]; thus the motion is ripe for adjudication.

## II.   Analysis

I address Awad's arguments in the order in which she raised them, starting with her motion to dismiss Count 11 of the indictment, followed by her motion to dismiss Counts 1 through 10.

### A.   Count 11

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." An indictment is legally sufficient if it "'(1)

---

immigration application, form I-864, in violation of 18 U.S.C. § 1546(a) (Count 12).

[2] Awad's motion to dismiss is not paginated, so I refer to the page numbers automatically generated by CM/ECF.

presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Masino*, 869 F.3d 1301, 1306 (11th Cir. 2017) (quoting *United States v. Lang*, 732 F.3d 1246, 1247 (11th Cir. 2013)). "It is well established in this Circuit that an indictment is sufficient if it tracks the language of the statute and provides a statement of facts that gives notice of the offense to the accused." *United States v. McNair*, 605 F.3d 1152, 1186 (11th Cir. 2010). On a motion to dismiss, the Court is limited "to reviewing the face of the indictment and, more specifically, the language used to charge the crimes"; the Court "may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (alteration in original) (quotation omitted).

Here, Count 11 tracks the language of the statute, 18 U.S.C. § 1546(a), which provides:

> Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application . . . required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application . . . which contains any such false statement or which fails

4

> to contain any reasonable basis in law or fact . . . [s]hall be fined under this title or imprisoned . . . .

18 U.S.C. § 1546(a). Count 11 reads as follows:

> On or about August 3, 2014, in the Northern District of Georgia, the defendant, LEENA F. AWAD, did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in an application required by the immigration laws and regulations; that is, in an Application to Register Permanent Residence or Adjust Status, Form I-485, LEENA F. AWAD stated that she had not "committed any crime of moral turpitude . . . for which [she had] not been arrested" which statement the defendant then and there knew was false, in that the defendant had in fact committed a crime of moral turpitude for which she had not been arrested when she engaged in a scheme to defraud Flood Brothers beginning in or about January 2012, in violation of Title 18, United States Code, Section 1546(a).

[Doc. 1 ¶ 14 (alterations in original).] In addition to tracking the language of the statute, Count 11 states the date of the alleged offense (on or about August 3, 2014), the specific form on which she allegedly made the false statement (Form I-485, Application to Register Permanent Residence or Adjust Status), and the content of the false representation (allegedly indicating that she had not committed a crime of moral turpitude for which she had not been arrested). As such, Count 11 presents the essential elements of the charged offense, apprises Awad of the charge against her, and provides sufficient notice to enable her to rely upon a judgment under the indictment as a bar against double jeopardy in any subsequent prosecution.

Awad's argument that wire fraud does not constitute a crime of moral turpitude is without merit. For purposes of determining whether an offense is a crime of moral turpitude as contemplated by Form I-485, the Court generally applies the categorial approach. *See Subah v. Attorney Gen. of U.S.*, 256 F. App'x 556, 559-60 (3d Cir. 2007) (analyzing whether conviction for corruption of a minor under Pennsylvania law was crime of moral turpitude for purposes of response to Form I-485); *cf. Jaimes-Lopez v. U.S. Attorney Gen.*, 675 F. App'x 870, 871-72 (11th Cir. 2017) ("In deciding whether a particular offense constitutes a crime involving moral turpitude, we generally apply what has been termed the "categorical approach."); *Fajardo v. U.S. Atty. Gen.*, 659 F.3d 1303, 1308 (11th Cir. 2011) (collecting cases in which the Eleventh Circuit applied the categorical or modified categorical approach to determine whether convictions were convictions of crimes involving moral turpitude in the context of Immigration and Naturalization Act). Under the categorial approach, the Court evaluates whether an offense is one of moral turpitude based on "the inherent nature of the offense, as defined in the relevant statute, rather than the circumstances surrounding a defendant's particular conduct." *Fajardo,* 659 F.3d at 1305 (quoting *Itani v. Ashcroft*, 298 F.3d 1213, 1216 (11th Cir. 2002)).

"Under 18 U.S.C. § 1343, wire fraud requires proof beyond a reasonable doubt that (1) the defendant participated in a scheme or artifice to defraud; (2) with the intent to defraud; and (3) used, or caused the use of, interstate wire transmissions for the purpose of executing the scheme or artifice to defraud." *United States v. Williams*, 527 F.3d 1235, 1240 (11th Cir. 2008). As the Supreme Court has recognized, "[w]ithout exception, federal and state courts have held that a crime in which fraud is an ingredient involves moral turpitude." *Jordan v. De George*, 341 U.S. 223, 227 (1951). Since fraud is unquestionably an "ingredient" of wire fraud, it follows that the offense categorically qualifies as one of moral turpitude. *See Chiao Fang Ku v. Attorney Gen. United States of Am.*, 912 F.3d 133, 143 (3d Cir. 2019) (holding, under analogous circumstances, that as a "fraud crime," wire fraud is a crime of moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I), which provides that an alien is inadmissible to the United States if he or she has been convicted of a crime involving moral turpitude); *Humboldt Oil Co. v. Exxon Co., U.S.A.*, 695 F.2d 386, 389 (9th Cir. 1982) (holding that because intent to defraud is an element of wire fraud, the offense is a crime involving moral turpitude). Accordingly, Awad's motion to dismiss Count 11 is without merit.

### B.      Counts 1 Through 10

Awad next argues that the wire fraud conspiracy and substantive wire fraud charges should be dismissed as "multiplicitous" because they "are of and regarding the same conduct." [Doc. 79 at 4-5.]  The Court disagrees.

"An indictment is multiplicitous if it charges a single offense in more than one count."  *Williams*, 527 F.3d at 1241 (citing *Ward v. United States*, 694 F.2d 654 (11th Cir. 1983)).  "A multiplicitous indictment not only subjects the defendant to numerous sentences for one offense, but also 'prejudice[s] the defendant and confuse[s] the jury by suggesting that not one but several crimes have been committed.'"  *Id.* (alterations in original) (quoting *United States v. Hearod*, 499 F.2d 1003 (5th Cir. 1974) (per curiam)).  To determine whether an indictment is multiplicitous, the Court uses the test for double jeopardy set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932).  *Id.*  In *Blockburger* the Supreme Court recognized that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."  *Blockburger*, 284 U.S. at 304.  "[T]he proper focus is on the statutory elements of the two crimes."  *United States v. Moore*, 43 F.3d 568, 571 (11th Cir. 1994) (citing *Brown v. Ohio*, 432 U.S. 161,

8

166 (1977)). "If each offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied despite any overlap in the proof necessary to establish the crimes." *Id*. (citing *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975)).

Turning first to the purported multiplicity between the conspiracy to commit wire fraud and the substantive wire fraud charges, those offenses have different elements, and are therefore not multiplicitous of each other. The conspiracy statute, 18 U.S.C. § 1349, makes it a crime to conspire to commit an offense under Chapter 63 of Title 18, which includes wire fraud. To convict a defendant under that statute, the government must prove beyond a reasonable doubt (1) a conspiracy to commit an offense proscribed in Chapter 63 of Title 18, such as wire fraud; (2) knowledge of the conspiracy; and (3) that the defendant knowingly and voluntarily joined the conspiracy. *United States v. Gonzalez*, 834 F.3d 1206, 1219-20 (11th Cir. 2016). In contrast, to convict a defendant for wire fraud under 18 U.S.C. § 1343, the government must establish "(1) the defendant participated in a scheme or artifice to defraud; (2) with the intent to defraud; and (3) used, or caused the use of, interstate wire transmissions for the purpose of executing the scheme or artifice to defraud." *Williams*, 527 F.3d at 1240. Those statutes criminalize distinct conduct

9

and contain different elements; thus, under the *Blockburger* test, the conspiracy and substantive wire fraud counts are not multiplicitous.

Nor is it "multiplicitous" for the government to charge individual acts of wire fraud in separate counts. The wire fraud statute "targets not the defendant's creation of a scheme to defraud, but the defendant's execution of a scheme to defraud." *Williams*, 527 F.3d at 1241. In other words, "it punishes each interstate wire transmission that carries out that scheme." *Id.* Thus, "[w]here one scheme or artifice to defraud involves multiple wire transmissions, each wire transmission may form the basis for a separate count." *Id.* Here, Counts 2 through 10 allege that Awad made nine separate wire transmissions (*i.e.*, emails from Awad to Flood Brothers's payroll service) on nine separate dates that resulted in nine separate fraudulent payments. As each Count charges a discrete wire transmission, those charges are not multiplicitous.

### III. Conclusion

For the foregoing reasons, I **RECOMMEND** that Awad's Motion to Dismiss [Doc. 79] be **DENIED**.

I have now addressed all referred pretrial matters relating to Awad and have not been advised of any impediments to the scheduling of a trial as to her.

Accordingly, this case is **CERTIFIED READY FOR TRIAL** as to this defendant.[3]

IT IS SO RECOMMENDED this 12th day of April 2019.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[3] Since matters pertaining to Crawford still are pending, the District Court is not required to place his case on the trial calendar at this time. 18 U.S.C. § 3161(h)(6).