# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

United States of America,

v.

Leena F. Awad,

          Defendant.

_____/

Case No. 1:18-cr-00318

Michael L. Brown
United States District Judge

## ORDER

The government charged Defendant Leena F. Awad with wire fraud, conspiracy to commit wire fraud, and perjury. (Dkt. 1.) Defendant moves to dismiss this indictment, arguing it is insufficient and multiplicitous. The Magistrate Judge recommends denying Defendant's motion, and Defendant did not file objections to this recommendation. (Dkt. 85.) After a careful review, the Court adopts the Magistrate Judge's findings.

## I.  Background

The indictment centers on Defendant's alleged embezzlement of money from her former employer, Flood Brothers Inc., where she was a

payroll and human resources specialist. (Dkt. 1 ¶¶ 2–4.) She allegedly added her husband, who did not work for the compnay, to its payroll records before processing. (*Id.* ¶¶ 7–9.) As a result, her husband received paychecks he did not earn. (*Id.*)

The indictment also charges Defendant with perjury. It claims she completed an Application to Register Permanent Residence or Adjust Status, Form I-485 and stated on it that she had not "committed any crime of moral turpitude . . . for which [she had] not been arrested." (*Id.* ¶ 14 (alterations in original).) According to the indictment, she committed such a crime when she embezzled money from her employer. (*Id.*)

## II. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). For those findings and recommendations to which a party has not asserted objections, a court must conduct a plain error

review of the record. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

## III. Analysis

Defendant first challenges the indictment's legal sufficiency. An indictment is legally sufficient if it "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution of the same offense." *United States v. Masino*, 869 F.3d 1301, 1306 (11th Cir. 2017) (quoting *United States v. Lang*, 732 F.3d 1246, 1247 (11th Cir. 2013)). Count 11 reads

> On or about August 3, 2014, in the Northern District of Georgia, the defendant, LEENA F. AWAD, did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in an application required by the immigration laws and regulations; that is, in an Application to Register Permanent Residence or Adjust Status, Form I-485, LEENA F. AWAD stated that she had not "committed any crime of moral turpitude . . . for which [she had] not been arrested" which statement the defendant then and there knew was false, in that the defendant had in fact committed a crime of moral turpitude for which she had not been arrested when she engaged in a scheme to defraud Flood Brothers beginning in or about January 2012, in violation of Title 18, United States Code, Section 1546(a).

3

(Dkt. 1 ¶ 14 (alternations in original).) The Magistrate Judge found the indictment sufficient because it tracked the language of the statute, stated the date of the offense, named the form with the false statement, and stated the content of the false representation. (Dkt. 85 at 5.) The Court agrees with the Magistrate Judge and finds the indictment sufficient.

Defendant next argues wire fraud is not a crime of moral turpitude. The Magistrate Judge found this meritless. The Magistrate Judge's reasoning: crimes involving fraud show moral turpitude; fraud is a requirement of wire fraud; ergo — wire fraud is a crime of moral turpitude. *See Jordan v. De George*, 341 U.S. 223, 227 (1951) ("Without exception, federal and state courts have held that a crime in which fraud is an ingredient involves moral turpitude."). That logic is sound.

Finally, Defendant claims the wire fraud conspiracy charge and substantive wire fraud charge are multiplicitious because they concern the same conduct. But, as the Magistrate Judge cited, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of fact

4

which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The elements of wire fraud conspiracy are (1) a conspiracy to commit wire fraud; (2) knowledge of the conspiracy; and (3) the defendant knowingly and voluntarily joined the conspiracy. *United States v. Gonzalez*, 834 F.3d 1206, 1219–20 (11th Cir. 2016). The elements of substantive wire fraud are "(1) the defendant participated in a scheme or artifice to defraud; (2) with the intent to defraud; and (3) used, or caused the use of, interstate wire transmissions for the purpose of executing the scheme or artifice to defraud." *United States v. Williams*, 527 F.3d 1235, 1240 (11th Cir. 2008). These two charges have different elements and require proof of different facts. They are not multiplicitious. Likewise, the individual substantive acts are not multiplicitious of each other as each count charges a discrete wire transmission. *See id.*, 527 F.3d at 1241 ("Where one scheme or artifice to defraud involves multiple wire transmissions, each wire transmission may form the basis for a separate count.").

## IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's recommendation and **DENIES** Defendant's motion to dismiss. (Dkts. 79, 85.)

5

**SO ORDERED** this 23rd day of May, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE